**DAYCO PRODUCTS, INC., Plaintiff,**

v.

**Glenn K. WALKER, et al., Defendants.**

**No. C-3-91-357.**

United States District Court,
S.D. Ohio, W.D.,
at Dayton.

July 24, 1992.

Bruce E. Peacock, Dayton, Ohio, for plaintiff.

Joel Chambers, Cincinnati, Ohio, for defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION TO FILE SUPPLEMENTAL RESPONSE AND GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND COMPLIANCE WITH MAGISTRATE'S ORDER

MERZ, United States Magistrate Judge.

This case is before the Court upon Plaintiff's Motion to Compel Discovery and Compliance with Magistrate's Order (Doc. # 59). Defendants have filed a Memorandum in Opposition (Doc. # 60) and Plaintiff has replied (Doc. # 61).

### DEFENDANTS' MOTION TO SUPPLEMENT

In response to Plaintiff's Reply, Defendants' seek leave (Doc. # 62) to file a supplemental response; Plaintiff is opposed (Doc. # 63). Upon review of Defendants proposed Supplemental Response, the Court finds it does not respond to any new matter raised in Plaintiff's Reply. Thus permitting its filing would further delay resolution of the pending discovery conflict. For reasons set forth below, the Magistrate Judge believes discovery has already been unduly prolonged by Defendants. Of course, the usual motion process in this Court contemplates only three memoranda on any given motion. S.D. Ohio L.R. 7.2.(a). Accordingly, Defendants' Motion for Leave to File Supplemental Response is DENIED.

### PLAINTIFF'S MOTION TO COMPEL

The principal motion now before the Court is Plaintiff's Motion to Compel Discovery and Compliance with Magistrate's Order (Doc. # 58).

On December 27, 1991, I entered a Decision and Order (Doc. # 32) denying Defendants' Motion for Protective Order (Doc. # 19). Defendants' counsel, Mr. Chambers, had adjourned the deposition of Glenn Walker on November 20, 1991, to seek the protective order. The protection sought was threefold:

(1) requiring the plaintiff to identify with specificity each and every one of its trade secrets alleged to have been misappropriated by any of the defendants;

(2) requiring plaintiff to identify with specificity the confidential Dayco information which Dayco alleges that Rodger P. Grantham used while working for Catlow in the developing of a fuel dispensing nozzle; and

(3) that the Magistrate hold an in camera hearing with Glenn K. Walker regarding the discoverability of or any limits to be placed on the disclosure of the identity of the Dayco employee who made available

to Mr. Walker documents provided to the regulatory authorities of the state of California.

(Doc. # 19, p. 1).

The Motion for Protective Order was denied principally because the issues it raised—issues of priority in discovery—had already been litigated and decided against the Defendants.[1] Very early in this litigation (Doc. # 9, 10/24/91), I granted Plaintiff's Motion to Expedite Discovery so that it could prepare to litigate its Motion for Preliminary Injunction. In that Order, I required that Mr. Walker be produced for deposition no later than November 8, 1992.

The Order granting discovery was not appealed to District Judge Rice, despite Defendants' undoubted right to do so under Fed.R.Civ.P. 72(a). Plaintiff has asserted that Defendants negotiated away their right to appeal in return for continuing Walker's deposition to November 20, 1991, two weeks after the last date I ordered it held. Defendants have never contradicted this assertion but sought a second bite at the apple by adjourning Mr. Walker's deposition in the mid-stream to assert the same points again. In my Decision and Order Denying Protective Order, I denied the requested relief.

On January 6, 1992, Defendants appealed (Doc. # 40) from the Decision and Order Denying Protective Order; on the same day they asked District Judge Rice to stay the Decision and Order (Doc. # 37). The appeal has not yet been ruled on and the stay was neither granted nor denied. Plaintiff's instant motion seeks to compel discovery despite the pendency of the appeal, in the absence of a stay.

Motions dealing with discovery matters are clearly "non-case-dispositive" matters which United States Magistrate Judges may, upon reference from a District Judge, "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Order of Reference in this case (Doc. # 6) provides:

Pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C), the above-captioned action is hereby referred to United States Magistrate Judge Michael R. Merz for the management of discovery. The Magistrate is empowered to deal with all matters arising under Fed.R.Civ.P. 26–37, inclusive, including, without limitation, preparation of a discovery plan, any necessary modifications thereof, any motions to compel or for protective order, and any motions for sanctions.

Indeed, Defendants do not question my authority as a magistrate judge to decide the motion for protective order in the first instance.

Both the Magistrates Act and the Federal Rules of Civil Procedure provide for reconsideration of a magistrate judge's decision by the referring district judge. 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). The proper procedure for obtaining review is set for in Rule 72(a) and Defendants followed that procedure.

Neither the Magistrates Act nor the Civil Rules expressly state the effect of an appeal on decisions by magistrate judges. However, S.D. Ohio L.R. 72.4 provides:

When an objection is filed to a Magistrate Judge's ruling on a non-case dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the Magistrate Judge or a District Judge.

Despite the express terms of Rule 72.4 and the absence of a stay, Defendants have refused to comply with the Decision and Order Denying Protective Order until Judge Rice rules on their objections.

In support of their position, Defendants argue "... it is believed that the rule [72.4] was never intended to deprive a party of his statutory right of appeal ..." (Doc. # 60, p. 2). As one of the drafters of this new rule (added to the Local Rules in 1991), the undersigned can assure Defendants that it was precisely the intent of the drafters to deal with the situation now before

---

**1.** The third issue was whether the Magistrate should conduct an in camera ex parte "hearing" with Mr. Walker to decide whether he had to reveal who at Dayco had supplied Defendants with Dayco documents. There was no privilege claim. Under the circumstances, there is no authority to conduct such an ex parte proceeding. See Doc. # 32, p. 3

this Court. Appeals from magistrate judge orders in discovery matters can effectively halt discovery in its tracks and seriously dilute the ability of magistrate judges to assist district judges with discovery matters. If an appeal effected an automatic stay, there would be a greatly increased incentive for parties who profit from delay to take appeals which are very unlikely to be successful.

That is, in my judgment, what has happened here. Defendants are former employees of Plaintiff accused of competing unfairly with it by misappropriating its trade secrets. The longer Defendants can stall the discovery necessary for Plaintiffs to try their preliminary injunction motion, the more they are able to benefit competitively from the misappropriation, if in fact that is what has happened.[2] While Defendants in fact may have nothing to hide from discovery and nothing to gain from discovery delay. They have certainly behaved as if delay were very valuable to them.

Rule 72.4 does not in fact deprive a party of his right to appeal. Instead, it conditions any stay on appeal on the party's persuading either the magistrate judge or a district judge to stay the effectiveness of the appealed order. In this regard, Local Rule 72.4 is no different in impact from Fed.R.Civ.P. 62 which provides for a stay on appeal to the Court of Appeals from an injunction only when the district court grants such a stay "in its discretion." I am unaware of any serious argument that this provision deprives a party of his undoubted statutory right to appeal to the Court of Appeals from a final injunctive order.

As authority for their positions, both parties appeal to Moore's Federal Practice 2d ¶ 72.03[6.–12]. In an earlier edition, the authors of Moore's treatise had taken the position that an appeal automatically stayed a magistrate's order non-case dis-

positive order; in the present edition, they take the position that is not the case. Defendants of course adverts to the prior edition and Plaintiff to the present. Both miss the point that Moore is addressing the situation where a district court has not adopted a local rule in point. The present edition points out the rationale for not having an automatic stay:

> Such an interpretation [no automatic stay] is more consistent with the Magistrate's Act's goals of facilitating the quick and final resolution of referred pretrial matters. If an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the magistrate's decision-making ability is eroded. It should be remembered that the magistrate is empowered [by the statute] to "determine" nondispositive pretrial matters. A magistrate's order will not determine anything if it can be automatically stayed by filing an objection.

*Id.* at p. 72–54. It was precisely this rationale which persuaded the Local Rules advisory Committee to recommend Rule 72.4 and presumably commended it to the District Court. In any event, Moore's commentary applies to the automatic stay argument and does not even purport to suggest that a local rule providing for no automatic stay would not be valid. As Plaintiff notes in its Motion to Compel, similar rules exist in a number of other district courts (See Doc. # 59, p. 9).

Defendants argue that they have proceeded expeditiously to obtain review by District Judge Rice and have sought the stay from him. This is certainly true, but nothing in Rule 72.4, the Civil Rules generally, or the Magistrate's Act suggests Defendants may act as if they have obtained a stay when in fact all they have done is to apply for a stay or to treat Rule 72.4 as not applicable to their situation when it is by

---

**2.** I do not mean to imply by these sentences that Defendants have in fact misappropriated anything from Plaintiff. That is what Plaintiff alleges in the Complaint and Defendants have not denied their former employment status with the Plaintiff, nor have they come forward with summary judgment motions to prove that they have

not misappropriated trade secrets. The point is that Plaintiff is entitled to prompt discovery and a prompt hearing on the preliminary injunction motion, since the harm it alleges, if that harm is in fact happening, is of the type courts frequently hold to be irreparable by money damages.

its very terms expressly applicable—it contains no exception for nondispositive matters which the objecting party considers very important.

 As an alternative, Defendants now seek a stay from the Magistrate Judge. That motion is DENIED. The purpose of the stay proceeding in Rule 72.4 is to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter. But the matters governed by the Decision and Order Denying Protective Order are plainly matters of discretion—in what order shall discovery be conducted. Because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is clearly abused. *Snowden v. Connaught Laboratories*, 136 F.R.D. 694, 697 (D.Kan.1991); *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y.1982). While it may be presumptuous for me to say so, I do not understand how the Decision and Order Denying Protective Order could be found to be a clear abuse of discretion.

In addition to seeking to compel compliance with the prior Magistrate's Order, Plaintiff also seeks to compel responses to other discovery requests, set out at pages 12–14 of its Memorandum. In their Memorandum in Opposition, Defendants made no reference to these matters whatsoever and thus are estopped from asserting objections. Nonetheless, when reviewed on the merits, the objections quoted by Plaintiff are without merit and are OVERRULED.

Accordingly, it is hereby ORDERED:

1. Not later than August 3, 1992, Defendants shall serve full and complete written responses to Plaintiff's outstanding first sets of interrogatories and document requests, and shall produce the requested document for inspection and copying, as follows:

(a) Interrogatory Nos. 3, 5–19, 21 and 22 and Document Request Nos. 1, 4–8, 10, 12, and 14–20ˑ to Defendants Glenn K. Walker and Vapor Systems Technologies, Inc.;

(b) Interrogatory Nos. 1–10, and 12 and Document Request Nos. 1 and 2 to Defendant Roger Grantham; and

(c) Interrogatory Nos. 1–7 and Document Request No. 1 to Defendant Catlow, Inc.

2. Defendant Glenn K. Walker shall be produced for continuation of his deposition on a date to be agreed upon between counsel but in no event later than August 23, 1992. Plaintiff may proceed with deposition discovery of Defendants and others pursuant to the Federal Rules of Civil Procedure. During the course of discovery depositions, Defendants' counsel shall not instruct witnesses not to answer (except when necessary to preserve evidentiary privileges) and shall not adjourn any such deposition to move for a protective order on grounds already ruled upon by this Court.