Charles L. ESPARZA,, an individual, and Mary Ramirez, an individual, Plaintiffs,

v.

BRIDGESTONE/FIRESTONE, INC., an Ohio corporation, et al. Defendants.

Jorge Fernandez, et al., Plaintiffs,

v.

Bridgestone/Firestone, Inc., an Ohio corporation, et al., Defendants.

Nos. CIV.A. 99–WM–1554, CIV.A. 99–WM–2218.

United States District Court, D. Colorado.

June 22, 2001.

deadlines held April 19, 2001.

Lori J. Coulter, Lori Coulter, PC, Denver, CO, for Charles L. Esparza, Mary Ramirez.

Roger T. Castle, Roger T. Castle, PC, Denver CO, for United States Fidelity and Guaranty Company.

David Richard Eason, Berenbaum, Weinshienk & Eason, PC, for Bridgestone/Firestone, Inc.

James M. Dieterich, White & Steele, P.C., Denver, CO, David Lee Heinemann, Shank & Hamilton, PC, Kansas City, MO, for Goodyear Tire and Rubber Company, Inc.

## ORDER

BOLAND, United States Magistrate Judge.

These cases, which have been consolidated for purposes of pretrial discovery, are before me on the following motions:

(1) **Plaintiffs' Response (and "Cross Motion") to Joint Motion By Defendants for Stay of Discovery Responses** (the "Plaintiffs' Motion for Stay"), filed on June 7, 2001; and

(2) **Defendants' Response to Plaintiffs' Cross Motion for Stay and Renewed Motion for Stay of Discovery Responses Pending District Judge's Ruling on Rule 72 Objections** (the "Defendants' Renewed Motion"), filed June 13, 2001.

Both motions are DENIED.

These cases have been plagued by numerous discovery disputes, including at least the following: (1) Motion for Protective Order or to Quash, filed by defendant USF & G on June 23, 2000; (2) Defendants' Joint Motion to Compel Production of Documents and Information Withheld by Plaintiffs on Grounds of Privilege and Work Product Protection,

filed July 7, 2000; (3) Defendants' Joint Motion to Compel Carder Concrete Products Company to Produce Documents Subject to Subpoenas Duces Tecum, filed July 21, 2000; (4) Motion to Compel Defendant Goodyear, filed by plaintiffs Fernandez, Castillo, and USF & G on August 3, 2000; and (5) Plaintiffs' Morton to Compel (Against Defendant Bridgestone/Firestone, Inc.), filed August 18, 2000. I held a half-day hearing on these motions on September 6, 2000, and on September 22, 2000, I issued a 29 page order ruling on the disputed issues.

My order was followed by a number of motions, including: (a) the plaintiffs' Objections to Discovery Order and Motion for Reconsideration, filed October 10, 2000; (b) Defendants' Joint Motion for Clarification, Or, In the Alternative, for Reconsideration, of Discovery Order Filed September 22, 2000 and Request for Enlargement of Time for Objection Under F.R.Civ.P. 72(a), filed October 10, 2000; and (c) the plaintiffs' Revised Motion for Clarification of Discovery Order, filed October 11, 2000. I held another half-day hearing on these motions on October 31, 2000, and ruled from the bench on most of the issues raised.

The parties' objections pursuant to Fed. R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A) followed and are pending.

■ On June 4, 2001, the defendants filed a Joint Motion By Defendants for Stay of Proceedings of Discovery Responses Pending District Judge's Ruling on Rule 72 Objections. I denied that motion. My decision was driven by the fact that D.C.COLO.LR 30.1B provides:

> The filing of a motion under either [Fed. R.Civ.P. 26(c) or 30(d)] shall stay the discovery to which the motion is directed until further order of the court.

My order disposing of the underlying discovery disputes constituted a "further order of the court," terminating the automatic stay imposed by the local rule.

■ Nothing in the local rules provides that an objection to the district judge of my discovery order automatically extends the stay provided by local rule 30.1B, and the plain language of the rule is to the contrary.

Nor has any party directed me to any controlling authority holding that a discovery order of a magistrate judge is subject to an automatic stay pending the determination by a district judge of an objection to that order. There appears to be no such authority in this circuit. *See Toth v. Gates Rubber Co.*, 216 F.3d 1088, 2000 WL 796073 **3 n. 3 (10th Cir.2000)(Unpublished Opinion)(declining due to mootness to determine whether either a motion for stay or an objection under Fed. R.Civ.P. 72 operates to stay the effect of the order of a magistrate judge).

Those courts that have considered the issue have held that the filing of an objection does not automatically stay the magistrate judge's order. For example, in *Williams v. Texaco, Inc.*, 165 B.R. 662, 673 (D.N.M.1994), the court ruled:

> Texaco contends the October order should not have been fully binding on Texaco until this Court denied Texaco's objections.... Fed.R.Civ.P. 72(a), governing a [magistrate judge's] determination of nondispositive pretrial matters such as discovery, provides that a party aggrieved by a [magistrate judge's] order has ten days to serve and file objections. The district judge shall then "consider such objections and shall modify or set aside any portion of the [magistrate judge's] order found to be clearly erroneous or contrary to law." *Id.* The rule is silent as to whether a party's duty to comply with the [magistrate judge's] order is automatically stayed pending final review by the district court of that party's objections. However, at least one court has opined, "[A]llowing the automatic stay of a [magistrate judge's] orders would not only encourage the filing of frivolous [objections], but would grind the [magistrate judge] system to a halt."

(Quoting *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y.1989).) And in *National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 401, 404 (D.N.M.1991), the district judge stated:

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pre-trial disputes.... Ill-considered "stra-

tegic" objections to a magistrate judge's orders threatens to undermine these goals....

*Accord Herskowitz v. Charney,* 1995 WL 104007 at *3 (S.D.N.Y.1995)(holding that "[i]n the absence of a stay, the fact that a litigant has [objected] to the District Court from a Magistrate Judge's discovery order does not excuse failure to comply with that order").

■ Sound policy also dictates that the automatic stay created by D.C.COLO.LR 30.1B should not be extended to the period between the ruling on a discovery motion by a magistrate judge and the determination by a district judge of an objection to that ruling. Otherwise, as the court noted in the *National Excess* case, parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection. Such misuse of the objection process would further burden district judges and, in this time of congested dockets, enormously delay bringing cases to trial. Nothing, of course, prevents a party in an appropriate case from seeking a stay of the effect of a magistrate judge's order. Upon an adequate showing, such a stay no doubt would be granted by either the magistrate judge or the district judge.

Consistent with my decision denying the June 4 Joint Motion for Stay, I similarly DENY the Plaintiffs' Motion for Stay and the Defendants' Renewed Motion.