## In HERITAGE BOND LITIGATION.

### No. 02–ML–1475–DT.

United States District Court,
C.D. California.

July 22, 2004.

Lisa A. Roquemore, Jason D. Annigian, Newport Beach, CA, for Plaintiffs.

Gary Kurtz, Woodland Hills, CA, for Defendants.

## PROCEEDINGS: ORDER GRANTING, IN PART, AND DENYING, IN PART, BETKER PLAINTIFFS' MOTION FOR SANCTIONS AGAINST KASIRER DEFENDANTS

CHAPMAN, United States Magistrate Judge.

On June 22, 2004, Betker plaintiffs filed a notice of motion and motion for sanctions against Kasirer defendants and the supporting declarations of Lisa A. Roquemore and Jason D. Annigian, with exhibits, and on June 25, 2004, Betker plaintiffs filed a notice of errata. On June 29, 2004, Kasirer defendants filed their opposition to Betker plain-

tiffs' motion and a request for sanctions and the supporting declarations of Gary Kurtz and Darlene Ward. On July 7, 2004, Betker plaintiffs filed their reply, the supporting declaration of Stephanie A. Howard, with exhibits, and the supporting supplemental declaration of Jason D. Annigian, with exhibits.

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on July 21, 2004. Jason D. Annigian, attorney-at-law with the firm Feldshake Roquemore, appeared on behalf of Betker plaintiffs and Gary Kurtz, attorney-at-law, appeared on behalf of Kasirer defendants.

## BACKGROUND

### I

On April 22, 2004, this Court issued an Order granting, in part, Betker plaintiffs' motion to compel the production of documents from Kasirer defendants and for attorney's fees. In the Order, defendants Debra Kasirer, individually and as Trustee of the Debra Kasirer Trust, and Robert Kasirer and Canon Realty Corporation (collectively "Kasirer defendants") were ordered to produce to Betker plaintiffs, no later than April 30, 2004, the following documents: all state and federal tax returns for the years 1991 through 1998; their separate property agreement regarding the real property on Canon Drive, Beverly Hills, California; supplemental documents to requests for production to Debra Kasirer nos. 6–8, 21–24, 30, 33, 42, 43, 52, 53–54 (limited to primary documents) and 55; and supplemental documents to requests for production to Robert Kasirer nos. 25–28, 34, 37, 46–47, 55, 56 (limited to primary documents) and 57–58. Finally, Kasirer defendants, individually and jointly, were ordered to pay Betker plaintiffs sanctions in the amount of $6,000.00, no later than May 6, 2004.

On **April 28, 2004**, Kasirer defendants, proceeding ex parte, sought review by District Judge Dickran Tevrizian of this Court's discovery Order of April 22, 2004, and on **May 4, 2004**, Judge Tevrizian stayed the Order. Subsequently, on June 14, 2004, Judge Tevrizian vacated his stay and ordered

Kasirer defendants to comply with this Court's Order no later than June 17, 2004.

### II

By the pending motion, Betker plaintiffs seek: (1) evidentiary or issue preclusion sanctions disallowing Kasirer defendants from introducing evidence that the marital residence on Canon Drive, Beverly Hills, California, is the separate property of defendant Debra Kasirer; (2) monetary civil contempt sanctions against Kasirer defendants; and (3) attorney's fees in the amount of $4,835.00.

## DISCUSSION

### III

Discovery orders may be enforced against a party under Federal Rule of Civil Procedure 37(b)(2), which provides, in pertinent part:

If a party or an officer, director, or managing agent of a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order

to submit to a physical or mental examination....

Fed.R.Civ.P. 37(b)(2).

### A. Subsections A–C:

■ "Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir.2001), *cert. denied sub nom., McLachlan v. Simon*, 536 U.S. 941, 122 S.Ct. 2623, 153 L.Ed.2d 806 (2002); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2107–08, 72 L.Ed.2d 492 (1982). Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.), *cert. denied*, 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations omitted); *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Housing of Marin*, 285 F.3d at 905; *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir.1993).

■ The Court may, in deciding whether to grant a motion for sanctions, "properly consider all of a party's discovery misconduct ..., including conduct which has been the subject of earlier sanctions." *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir.1997); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990), *cert. denied sub nom., Lewis & Co. v. Thoeren*, 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991). Further, in deciding whether to grant a motion for sanctions under subsections (A) through (C) of Rule 37(b)(2) for noncompliance with discovery, the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir.2002); *Computer Task Group, Inc.*, 364 F.3d at 1115. Since the "first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... sanction[,] ... the key factors are prejudice and the availability of lesser sanctions." *Henry*, 983 F.2d at 948 (internal quotation marks omitted); *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995), *cert. denied*, 519 U.S. 815, 117 S.Ct. 64, 136 L.Ed.2d 26 (1996). Nevertheless, sanctions under Rule 37(b)(2) may be appropriate when three factors strongly favor the imposition of such sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.2002), *cert. denied*, 538 U.S. 909, 123 S.Ct. 1481, 155 L.Ed.2d 230 (2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir.), *cert. denied*, 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992).

■ Here, Kasirer defendants have willfully failed to comply with the Court's Order of April 22, 2004, and this failure clearly prejudices Betker plaintiffs by preventing them from preparing their case. *See Adriana Int'l Corp.*, 913 F.2d at 1412 ("Failure to produce documents as ordered ... is considered sufficient prejudice."); *Computer Task Group, Inc.*, 364 F.3d at 1116 (same). This is especially true considering the proximity of the depositions of Robert Kasirer and Debra Kasirer and the rapidly approaching discovery cut-off date. *See Payne*, 121 F.3d at 508 ("Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. [Defendants] were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy.").

Arguably, however, Rule 37(b)(2) sanctions may be premature because this Court has not yet tried less drastic monetary sanctions against Kasirer defendants to bring about their compliance with the Order of April 22, 2004. *Pagtalunan*, 291 F.3d at 639, 643 & n. 4; *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir.1999). On the other hand,

since, as discussed below, Kasirer defendants have willfully failed to pay Betker plaintiffs the monetary sanctions imposed against them in the April 22, 2004 Order, the efficacy of less drastic sanctions is in doubt. *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir.1990) (cited with approval in *Payne*, 121 F.3d at 508).

Considering that four of the foregoing factors have been met, and three of the factors strongly support the imposition of sanctions, *Pagtalunan*, 291 F.3d at 643; *Ferdik*, 963 F.2d at 1263, and in light of Kasirer defendants' abuse of the discovery process so far,[1] the Court finds evidentiary sanctions under Rule 37(b)(2) are appropriate. An appropriate sanction, reasonably related to the subject of discovery that was frustrated by sanctionable conduct, *Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 707, 102 S.Ct. at 2107–08; *Navellier*, 262 F.3d at 947, would be to preclude Kasirer defendants from defending against the allegations in the twenty-fourth cause of action of the Betker plaintiffs' Consolidated Fifth Amended Complaint that Kasirer defendants fraudulently transferred the marital residence on Canon Drive, Beverly Hills, from Canon Realty Corporation to the Debra Kasirer Trust on November 23, 1998.

## B. Subsection D:

■ Rule 37(b)(2)(D) provides for civil contempt instead of, or in addition to, other sanctions.[2] Civil contempt is characterized by the court's desire to compel "a party's [ ]obedience to a specific and definite court order [after the party has] fail[ed] to take all reasonable steps within the party's power to comply." *Go–Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th

Cir.1993); *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir.1984). Civil contempt is also characterized "by the court's desire ... to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp.*, 702 F.2d at 778; *Shillitani*, 384 U.S. at 370, 86 S.Ct. at 1535.

■ A party who has failed to comply with an order of the court to pay attorney's fees or to produce documents may be found in civil contempt under subsection (D) of Rule 37(b)(2). *See e.g., Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir.1990); *see also* 8A Wright, Miller & Marcus, *Federal Practice & Procedure:* Civil 2d § 2289 (2d ed. 1994) ("A party may be found in contempt by the court in which the action is pending for failure to obey any discovery order."). Although the contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order, " '[s]ubstantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Go–Video, Inc.*, 10 F.3d at 695 (citations omitted); *Hallett v. Morgan*, 296 F.3d 732, 750 (9th Cir.2002).

■ "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definitive order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Federal Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir.1999) (citation omitted); *Federal Trade Comm'n v. Enfor-*

---

1. Kasirer defendants inactions appear to be calculated to stonewall both Betker plaintiffs and class plaintiffs. In this regard, class plaintiffs sought relevant documents from Kasirer defendants as early as December 27, 2002; yet, Kasirer defendants have: failed to timely disclose clearly relevant documents in response to both Betker plaintiffs' and class plaintiffs' discovery requests; failed to timely produce privilege logs, waiting until discovery motions were filed, and supporting declarations, waiting until 2004; and requested defendant Sabo & Green assert Kasirer defendants' attorney-client privilege for numerous documents, and then failed to provide any of the required declarations to support the asserted privileges.

2. "To distinguish civil from criminal contempt, the focus of the inquiry is often 'not [upon] the fact of the punishment but rather its character and purpose.' " *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983) (citations omitted); *Shillitani v. United States*, 384 U.S. 364, 369, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966). "The primary purpose of criminal contempt is to punish past defiance of a court's judicial authority, thereby vindicating the court...." *Falstaff*, 702 F.2d at 778; *Shillitani*, 384 U.S. at 370, 86 S.Ct. at 1535.

*ma Natural Prods., Inc.,* 362 F.3d 1204, 1211 (9th Cir.2004).

■ Here, as of July 7, 2004, Kasirer defendants have produced to Betker plaintiffs their tax returns [3] for the years 1991–92 and 1995–99; [4] however, tax returns for the years 1993–94 have not been produced. Reply at 1:19–20 & n. 1. Additionally, Kasirer defendants have produced the separate property agreements regarding the real property on Canon Drive, Beverly Hills, California. Reply at 1:22–2:2. However, Kasirer defendants have not paid Betker plaintiffs the $6,000.00 in attorney's fees they were ordered to pay by June 17, 2004,[5] and Kasirer defendants have failed to timely disclose clearly relevant documents to Betker plaintiffs.[6] Further, Betker plaintiffs complain that the only documents they have received from Kasirer defendants responsive to their requests for production are bank statements from the First Professional Bank for the year 1999,[7] Reply at 1:21–22, 3:12–16, and they argue that this is woefully inadequate and does not constitute substantial compliance with the Court's Order. Betker plaintiffs are correct.

■ First and foremost, records from banks or other financial institutions are the sort of documents most responsive to the majority of Betker plaintiffs' requests for production of documents, which this Court ordered Kasirer defendants to respond to no later than April 30, 2004.[8] Yet, Kasirer defendants did not even attempt to obtain these records until April 30, 2004—the date by which they were to be produced to Betker plaintiffs! Howard Decl., ¶¶ 3–10, Exhs. A–G; Ward Decl., ¶ 3. To justify their delay in seeking responsive documents, Kasirer defendants state they "had every right to honor the effect of the stay and, in fact, stay efforts to obtain the documents at issue[,]" Opposition at 1:25–27, citing the language of Judge Tevrizian's stay: "[E]nforcement of and compliance with said discovery order is hereby stayed pending review by this Court...." Opposition at 3:27–28. Unfortunately for Kasirer defendants, this is not so since they did not seek to stay the April 22, 2004 discovery Order until the last minute—April 28, 2004—and Judge Tevrizian's stay was not issued until May 4, 2004—**after** this Court's production deadline had expired! Under Local Rule 72–2.2, "the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge"; thus, since Judge Tevrizian did **not** stay this Court's Order until **after** production was required, Kasirer defendants cannot rely on the stay to justify their failure to timely comply with this Court's Order.

Moreover, Kasirer defendants do not explain whey they waited to the last minute to attempt to obtain documents responsive to Betker plaintiffs' discovery requests, or why they did not meet the deadline Judge Tevrizian imposed when he lifted the stay. Although the stay, if timely, would have prevented Kasirer defendants from having to produce responsive documents to Betker plaintiffs by April 30, 2004, it did not provide

3. Although not clearly stated by Betker plaintiffs, the Court assumes this means both the state and federal tax returns Kasirer defendants were ordered to produce.

4. It appears that the filing of the pending motion may have spurred Kasirer defendants to produce the documents to Betker plaintiffs.

5. Kasirer defendants argue they did not pay the attorney's fees because Betker plaintiffs owe them costs attendant to the production of documents. This argument is specious. Any cost dispute between the parties does not obviate the clear dictates of this Court's Order, which set no contingencies on the payment of sanctions.

6. At oral argument, Kasirer defendants acknowledged that Debra Kasirer, at her recent deposition, stated under oath that she has personal computer documents, described as Quicken files and records, which, despite Betker plaintiffs' document requests to her, she has never produced to Betker plaintiffs.

7. According to Darlene Ward, documents from the Pacific Western Bank have also been produced to Betker plaintiffs, Ward Decl., ¶ 5; however, the Court has not been advised of the dates of these documents.

8. Specifically, request nos. 6–8, 21–24, 30 and 42 to Debra Kasirer and request nos. 25–28, 34 and 46 to Robert Kasirer seek documents to which records from banks or other financial institutions would be responsive.

a reason for Kasirer defendants not to attempt to gather such documents before April 30, 2004. In fact, if Kasirer defendants' request for a stay had been denied, which is quite common, *see*, e.g., *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656–57 (D.Co.2001); *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D.Oh.1992), their conduct assured they could not possibly have met the April 30, 2004 deadline.

██ Kasirer defendants have deliberately and willfully failed to produce to Betker plaintiffs documents responsive to multiple discovery requests. As an initial matter, Kasirer defendants have not made any effort at all to obtain documents from all of their past or present agents and employees; rather, they show only minimal efforts to get documents. Even in that regard, the means used by Kasirer defendants to obtain documents from their banks or other financial institutions were neither fast nor reliable. They merely mailed to the banks form letters devoid of key information, such as account numbers. The letters were not followed up by either telephone calls or personal visits. It is clear that the efforts by Kasirer defendants to obtain relevant and significant documents for Betker plaintiffs was minimal. Thus, Betker plaintiffs have shown by clear and convincing evidence that Kasirer defendants have not substantially complied with this Court's Order of April 22, 2004, and a finding of civil contempt under Rule 37(b)(2)(D) is warranted.

Since Betker plaintiffs have not provided the Court any basis to award them civil contempt sanctions other than the attorney's fees they seek, the civil contempt award must, at this time, be limited to the attorney's fees sought, or $4,835.00. *See*, e.g., *Falstaff Brewing Corp.*, 702 F.2d at 778 ("A contempt adjudication is plainly civil in nature when the sanction imposed is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public."). Accordingly, Betker plaintiffs should be awarded civil contempt sanctions in the amount of $4,835.00.

## ORDER

1. Betker plaintiffs' motion for evidentiary or issue preclusion sanctions under Rule 37(b)(2)(B) **IS GRANTED**, and Kasirer defendants are precluded from defending the allegations in the twenty-fourth cause of action of the Betker plaintiffs' Consolidated Fifth Amended Complaint that Kasirer defendants fraudulently transferred the marital residence on Canon Drive, Beverly Hills, California, from Canon Realty Corporation to the Debra Kasirer Trust on November 23, 1998.

2. Betker plaintiffs' motion for monetary contempt sanctions under Rule 37(b)(2)(D) **IS GRANTED**, and Kasirer defendants are ordered to pay Betker plaintiffs $4,835.00, no later than August 4, 2004.

3. Betker plaintiffs **ARE ORDERED** to serve this Order electronically on all parties.