Viveca SANAI; et al., Plaintiffs—
Appellants,

v.

Sassan SANAI, Defendant—Appellee.

Viveca Sanai; et al., Plaintiffs—
Appellants,

v.

Sassan Sanai; et al., Defendants—
Appellees.

Viveca Sanai, an individual; et
al., Plaintiffs—Appellants,

v.

Joseph Thibodeau, an individual; et
al., Defendants—Appellees.

Viveca Sanai, an individual; et
al., Plaintiffs—Appellants,

v.

Sassan Sanai, an individual; et
al., Defendants—Appellees.

Nos. 03–35797, 03–35932,
04–35041, 04–35881.

United States Court of Appeals,
Ninth Circuit.

Submitted on briefs April 8, 2005.*

Decided Aug. 17, 2005.

Viveca Sanai, Edmonds, WA, Cyrus Sanai, Santa Monica, CA, Fredric Sanai,

Lake Oswego, OR, Ingrid Sanai Buron, Edmonds, WA, Daria Sanai, Seattle, WA, for Plaintiff-Appellant.

Daniel F. Mullin, Esq., Kathryn A. Keaton, Esq., Abbott, Davis, Rothwell, Mullin & Earle, P.C., Peizer, Richards & Ziontz, P.S., Seattle, WA, for Defendant-Appellee.

Before: CANBY, BEEZER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

1. The following orders are non-final and beyond our jurisdiction to review:

a. The May 15, 2003 order releasing the *lis pendens. See Special Inv., Inc. v. Aero Air, Inc.,* 360 F.3d 989, 993 (9th Cir.2004). The order is not appealable as an injunction. *See Shee Atika v. Sealaska Corp.,* 39 F.3d 247, 248 (9th Cir.1994) (describing jurisdiction over orders where the language of 28 U.S.C. § 1292(a)(1) is satisfied).

b. The October 17, 2003 protective order. *See Admiral Ins. Co. v. United States Dist. Court,* 881 F.2d 1486, 1490 (9th Cir.1989) (describing discovery orders as non-appealable). The order is not an injunction, because no state court proceedings are enjoined. *See Sperry Rand Corp. v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Rothlein,* 288 F.2d 245, 248 (2d Cir. 1961). Neither does this case meet the requirements for consideration of a writ of mandamus. *See Bauman v. United States Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977).

c. The October 23 and October 27, 2003 partial summary judgment orders. *See American States Ins. Co. v. Dastar Corp.,* 318 F.3d 881 (9th Cir. 2003). The case of *Batzel v. Smith,* 333 F.3d 1018 (9th Cir.2003), is based on a unique California statute that does not apply in this Washington case.

d. The November 14, 2003 order denying Appellants' motion to dismiss. *See Credit Suisse v. United States Dist. Court,* 130 F.3d 1342, 1345–46 (9th Cir.1997).

e. The October 8, 2004 order imposing Rule 11 sanctions and staying the proceedings in a parallel federal action. *See Hill v. MacMillan/McGraw–Hill Sch. Co.,* 102 F.3d 422, 424 (9th Cir.1996) (recognizing that Rule 11 sanctions orders are not generally appealable); *see also Privitera v. Cal. Bd. of Med. Quality Assur.,* 926 F.2d 890, 892 (9th Cir. 1991) (noting that a stay order may be appealable if ordered in connection with the denial of a preliminary injunction). This case does not meet the requirements for a writ of mandamus. *See Bauman,* 557 F.2d at 654–55. Neither was the stay imposed in connection with a preliminary injunction, because no substantive relief was granted. *See Carson v. Am. Brands, Inc.,* 450 U.S. 79, 89–90, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981).

2. The court acted within its authority when it entered the contempt order. *See F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev. Inc.,* 244 F.3d 1128, 1136–37 (9th Cir.2001). Appellants' challenge to the contempt order under the Anti–Injunction Act is precluded by the collateral bar rule. *See In re Establishment Inspection of Hern Iron Works, Inc.,* 881 F.2d 722, 725–26 (9th Cir.1989). Appellants had sufficient notice of the contemplated contempt finding. *See United States v. Rylander,* 714 F.2d 996, 1004 (9th Cir.1983). The portion of the contempt order prohibiting the filing of any additional *lis pendens* is not appealable as a preliminary injunction, because it granted no indefinite or permanent substantive relief. *See Carson,* 450 U.S. at 89–90, 101 S.Ct. 993.

3. The district court properly applied the *Rooker–Feldman* doctrine to dismiss Appellants' challenge to the state court's disqualification of Frederic Sanai as counsel for Viveca Sanai. *See Mothershed v. Justices of the Supreme Court,* 410 F.3d 602, 606–07 (9th Cir.2005) (noting lack of jurisdiction over challenges to "state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced.") (citations omitted). *Rooker–Feldman* applies to the interlocutory orders at issue in this case. *See id.* n. 3, *see also Doe and Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001). The nonparty doctrine articulated in *Johnson v. DeGrandy,* 512 U.S. 997, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994), does not apply in this case where Frederic personally litigated the issue of his disqualification.

4. In view of the ongoing state proceedings, the district court properly abstained under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), from deciding Appellants' application for a TRO/motion for preliminary injunction. *See H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000). The fact that the outcome of the state proceedings is adverse does not mean that the opportunity to litigate is inadequate.

**5.** Reassignment to a different judge is not warranted. A judge's expression of impatience, annoyance or anger does not establish bias. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

On remand, the district court is urged to carefully examine its subject matter jurisdiction over this case.

We dismiss the appeal of the interlocutory orders entered in this case. In all other respects, we affirm the district court's rulings.

DISMISSED in part, AFFIRMED in part.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

