**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIVECA SANAI, an individual; et al., Plaintiffs - Appellants, v. SASSAN SANAI, an individual; et al., Defendants - Appellees. | Nos. 07-36002 07-36001 D.C. Nos. CV-02-02165-TSZ CV-04-01594-TSZ MEMORANDUM[*] |
| VIVECA SANAI, an individual; et al., Plaintiffs - Appellants, v. SASSAN SANAI, an individual; et al., Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

In these related appeals, Viveca, Cyrus and Fredric Sanai appeal pro se from the district court's orders: (1) dismissing the complaints in both actions for litigation misconduct; (2) denying leave to amend the complaint in the first action; (3) imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure for filing duplicative claims in the second action, (4) staying proceedings in the second action, and (5) prohibiting additional post-judgment filings in the first action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion all orders on appeal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (order dismissing complaint as a sanction for misconduct); *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (order denying leave to amend); *In re Itel Sec. Litig.*, 791 F.2d 672, 674-75 (9th Cir. 1986) (order imposing Rule 11 sanctions sua sponte)*; Adams v. Cal. Dep't of Health Serv.,* 487 F.3d 684, 688 (9th Cir. 2007) (order staying litigation)*; S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807-08 (9th Cir. 2002), 307 F.3d 794, 807-08 (9th Cir. 2002) (ruling expediting briefing schedule). We affirm.

The district court properly dismissed the third amended complaint in the first action and the remaining claims in the second action as a sanction for the appellants' litigation misconduct. *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115-17 (9th Cir. 2004) (affirming sanction of dismissal after continued

2

discovery misconduct and defiance of courts' orders). The misconduct warranting dismissal included: repeatedly filing notices of lis pendens in violation of the district court's orders, failing to appear for duly noticed depositions, failing to serve a defendant with a subpoena duces tecum seeking her financial records from a third party, surreptitiously audio recording a defendant while simultaneously suing him for wiretapping, and interfering with responses to subpoenas defendants served on plaintiffs' health care providers. *See Brotby*, 354 F. 3d at 1115-16.

Because we affirm the district court's orders dismissing the actions as a sanction, we do not consider the district court's earlier orders granting summary judgment to appellees on certain claims. *Cf. Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004).

The district court properly denied the appellants' motion for leave to file a fourth amended complaint in the first action. *See Ditto*, 510 F.3d at 1078-79 (amendment is available where justice requires it, as determined by whether amendment is sought in bad faith, would introduce undue delay, would prejudice the opposing party or would be futile).

The district court properly sanctioned appellants under Rule 11 in the second action for filing duplicative causes of action. The court ordered appellants to show cause why they should not be sanctioned for realleging claims the court had

dismissed, gave them an opportunity to be heard, and thereafter made an express finding that they had acted in bad faith. *See Foster v. Wilson*, 504 F.3d 1046, 1052-53 (9th Cir. 2007) (before imposing Rule 11 sanctions sua sponte, district court must give the party notice including the reason for possible sanctions and an opportunity to be heard); *United Nat. Ins. Co. v. R & D Latex Corp*., 242 F.3d 1102, 1116 (9th Cir. 2001) (sua sponte imposition of Rule 11 sanctions warranted in situations akin to contempt of court); *see also Buster v. Greisen*, 104 F.3d 1186, 1189-90 (9th Cir. 1997) (Rule 11 sanctions upheld where later action sought to relitigate issues resolved in earlier action, and was brought for the purpose of harassment).

The district court properly stayed proceedings in the second action pending resolution of the first action. *See Adams,* 487 F.3d at 688 (where a district court is presiding over two cases involving the same subject matter, it may stay the second action pending resolution of the first).

The district court properly prohibited appellants from filing further post-judgment motions in the first action; it duly considered and resolved several post-judgment motions and all issues were preserved for appeal. *See S. Cal. Edison Co.*, 307 F.3d at 807-08 (expedited briefing schedule did not prevent party from

4

presenting its case and party did not establish prejudice, thus due process was not violated).

This court previously affirmed the dismissal of appellants' claim that the district court improperly refused to enjoin a state court proceeding, and we do not reconsider that claim here. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir. 1995) ("Under law of the case doctrine, [] one panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case."); *see also Sanai v. Sanai*, Nos. 03-35797, 03-35932, 04-35041 and 04-35881, 2005 WL 1971873, at *2 (9th Cir. Aug. 17, 2005).

Appellants' remaining contentions are unpersuasive.

Appellees' motions for leave to file a surreply and to strike are denied.

**AFFIRMED.**