**COMPUTER TASK GROUP, INCORPORATED,**
**Plaintiff–Appellee,**

v.

**William Krag BROTBY; Security Products International,**
**Defendants–Appellants.**

**No. 01–36006.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Filed April 19, 2004.

Shirley M. Hufstedler, Los Angeles, CA, argued for the defendants-appellants.

Valli Goss Fisher, The Fisher Law Firm, Phoenix, AZ, argued for the plaintiff-appellee.

Before KOZINSKI and NOONAN, Circuit Judges, and SCHWARZER,* Senior District Judge.

PER CURIAM.**

Computer Task Group (CTG) hired William Krag Brotby as an information technologies consultant in 1995. As a condition of his employment, Brotby signed a non-disclosure/non-solicitation agreement. The agreement restricted Brotby's ability to work for CTG's customers and to disclose or use confidential or proprietary information once he left the firm. While employed by CTG, Brotby worked on a project for CTG's client, Alyeska Pipeline Service Company.

Brotby left CTG in 1997 and began working for Alyeska. CTG sued, alleging breach of the non-solicitation/non-disclosure agreement and various business torts.

CTG sought a preliminary injunction to prevent Brotby from working for Alyeska, and compensatory and punitive damages. After a hearing, the district court granted the preliminary injunction. Brotby counter claimed, alleging constructive discharge and intentional interference with economic advantage.

Discovery was fought tooth and nail. Brotby refused to fully respond to CTG's interrogatories. Instead, he gave contradictory answers, made frivolous objections and filed baseless motions, never disclosing all the information CTG sought. He made excuses and changed his story repeatedly, making it impossible for CTG to establish basic facts with any certainty. Brotby also refused to produce key documents. Faced with these roadblocks, CTG filed eight motions to compel discovery. The magistrate judge granted all of the motions and issued five separate orders compelling Brotby's cooperation. The magistrate also imposed two monetary sanctions in the amount of $150; Brotby paid one but not the other.

In August of 1999—two years after CTG filed suit—the parties were still mired in discovery. CTG filed a motion for terminating sanctions under Federal Rule of Civil Procedure 37(b)(2). In February 2000, the magistrate judge conducted a three-day hearing on the motion for sanctions. Brotby was given the opportunity to cross-examine CTG's witnesses, call his own witnesses and produce evidence. After the hearing, the magistrate judge issued a report detailing Brotby's discovery abuses and concluded that he "has engaged in a consistent, intentional, and prejudicial practice of obstructing discovery."

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** Brotby raises a number of claims on appeal in addition to his challenge of the district court's sanction of dismissal and default. We address those claims in an accompanying unpublished disposition.

Based on that finding, the magistrate recommended that the motion for terminating sanctions be granted.

The district court deferred to the magistrate judge's credibility determination, *see* *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), but otherwise reviewed the record de novo. The court found that Brotby would not cooperate in discovery; that lesser sanctions had failed to secure his cooperation; and that the only available alternative was to adopt the magistrate judge's recommendation and dismiss Brotby's counterclaims, strike his answer and enter his default on CTG's claims.

Having hired new counsel, Brotby appeals.

■ Rule 37 permits the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R.Civ.P. 37(b)(2)(C); *see also Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 353–54, 29 S.Ct. 370, 53 L.Ed. 530 (1909) (upholding a default judgment against a defendant who refused to produce documents). We reverse a district court's decision to impose discovery sanctions under Rule 37 only if "we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997). However, " '[w]here the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith.' " *Id.* (quoting *Henry v. Gill Indus.*, 983 F.2d 943, 946 (9th Cir.1993)).

■ In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weigh five factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " *Id.* (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. *Id.* Therefore, whether terminating sanctions were appropriate in Brotby's case turns on the third and fifth factors. *See id.*

■ The magistrate judge found that Brotby engaged in "a consistent, intentional, and prejudicial practice of obstructing discovery" by "not compl[ying] . . . with repeated court orders" and not heeding multiple court warnings. Brotby violated court orders dated April 12, 1999, and May 21, 1999, by failing to provide clear answers to interrogatories, giving contradictory responses, making frivolous objections, filing frivolous motions and failing to provide the information CTG sought. He also failed to pay one of the monetary sanctions. The magistrate judge also found that Brotby violated orders dated January 25, 1999, June 30, 1999, and July 22, 1999, by failing to produce important financial documents and "throw[ing] up a series of baseless smoke screens [that] [took] the form of repeated groundless objections and contradictory excuses," which were "absurd" and "completely unbelievable." The excuses included blaming the loss of documents on an earthquake, on a dropped computer and on a residential move. To the extent the district court adopts them, as it did here, the magistrate judge's findings are the findings of the district court. Fed.R.Civ.P. 52(a). We give considerable weight to the district court's findings that its orders were violated, because the district court is in the best

position to make that determination. *Payne,* 121 F.3d at 507.

The magistrate judge also found that whatever Brotby actually produced was mostly incomplete or fabricated—and dribbled in only after a court order. In addition, Brotby changed his story numerous times with regard to his income from work done for Alyeska and the length of his contract with them, as well as the date of his resignation from CTG. These tactics unnecessarily delayed the litigation, burdened the court and prejudiced CTG. In the end, most of the documents CTG sought regarding the nature and extent of Brotby's work for Alyeska were never produced, despite court orders to do so, and most of what Brotby did submit came in two years after it was requested, and after discovery had already ended. For example, Brotby withheld important affidavits, turning them over only after CTG filed a motion to compel. This delay seriously prejudiced CTG, as key depositions had already been taken.

The magistrate judge concluded that "[t]here was no mistake in any of these actions, and none of Mr. Brotby's excuses are valid or credible." We owe deference to the magistrate's finding, adopted by the district court, that Brotby's excuses were not credible. *See Anheuser–Busch v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir.1995); *see also Raddatz,* 447 U.S. at 676, 100 S.Ct. 2406. Brotby has not demonstrated that this finding was clearly erroneous.

The magistrate judge concluded that Brotby's "over-all disruptive discovery practice regarding the interrogatories and requests to produce was done willfully and intentionally to stall and prevent [CTG] from conducting meaningful discovery." As a result, he recommended that Brotby be held in contempt for abusive and prejudicial discovery practices and refusal to follow the court's orders. In the magis-

trate's words: "There can be no doubt that [Brotby's] baseless two year fight against each and every discovery request and court order has been conducted willfully and with the intent of preventing meaningful discovery from occurring. It has clogged the Court's docket, protracted this litigation by years, and made it impossible for [CTG] to proceed to any imaginably fair trial."

"We have held that '[f]ailure to produce documents as ordered ... is considered sufficient prejudice.'" *Payne,* 121 F.3d at 508 (quoting *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (1990)). Moreover, the district court's finding that CTG was prejudiced deserves "substantial deference" because "the district court judge is in the best position to assess prejudice." *Anheuser–Busch,* 69 F.3d at 354. Brotby has not shown that this determination was clearly erroneous.

■ In deciding whether the district court adequately considered lesser sanctions, we consider whether the court (1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal. *Id.* at 352 (citing *Adriana Int'l,* 913 F.2d at 1412–13).

■ The magistrate judge appropriately considered the alternative of lesser sanctions. He ordered Brotby to comply with CTG's discovery requests five times, yet, instead of complying, Brotby repeatedly filed motions for reconsideration. The magistrate also imposed two lesser (monetary) sanctions against Brotby, but to no avail. In light of Brotby's continued willful disobedience, the magistrate judge could reasonably conclude that additional lesser sanctions would be pointless. As we held in *Anheuser–Busch,* "[i]t is appropri-

ate to reject lesser sanctions where the court anticipates continued deceptive misconduct." *Id.* Brotby had sufficient notice that continued refusal to cooperate would lead to terminating sanctions. The magistrate judge warned him that he should "stop playing games" if he wanted to stay in the game. The two monetary sanctions, five orders compelling him to cooperate and repeated oral warnings were enough to put Brotby on notice that continued failure to cooperate in discovery would result in dismissal and default. *See Adriana Int'l,* 913 F.2d at 1413.

Brotby argues vigorously that he should not be penalized for his failure to produce information that CTG already had or could obtain from other sources, such as the scope of his employment with Alyeska. Even assuming CTG already had some of the information it sought from Brotby, or could have obtained it from other sources, this does not excuse Brotby's failure to respond to the discovery requests. An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed—perhaps paving the way for a summary judgment motion—and which facts must be resolved at trial. CTG's discovery requests were not unjustified, oppressive or designed to harass him, and the district court even entered a protective order with respect to privileged and confidential documents. Brotby still failed to produce the documents and offered no legitimate reason for his persistent refusal to cooperate. Brotby's failure to provide discovery is particularly inexcusable because the district court ordered him to do so.

In light of Brotby's egregious record of discovery abuses, the district court did not abuse its discretion in adopting the magistrate judge's recommendation and imposing terminating sanctions on Brotby. Brotby's "abiding contempt and continuing

disregard for [the magistrate's] orders" justified the sanction of dismissal and default. *Anheuser–Busch,* 69 F.3d at 352.

**AFFIRMED.**