CAESARS WORLD, INC.; Park Place Entertainment Corp., Plaintiffs—Appellees,

v.

Cyrus MILANIAN, Defendant—Appellant,

and

New Las Vegas Development Company, Defendant.

Caesars World, Inc.; Park Place Entertainment Corp., Plaintiffs—Appellees,

v.

Cyrus Milanian, Defendant—Appellant.

Nos. 03–16063, 03–16685.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Feb. 1, 2005.

---

Before B. FLETCHER, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Cyrus Milanian and New Las Vegas Development Company ("Milanian") appeal the judgment of the district court in favor of Caesars World, Inc., and Park Place Entertainment Corp. ("Caesars World") following a three-day bench trial. Milanian also appeals from the district court's separate judgment of civil contempt entered against him. We affirm the judgment and the contempt order of the district court. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

We review a district court's findings of fact following a bench trial for clear error. *See Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 843 (9th Cir.2004). Conclusions of law following a bench trial are reviewed de novo. *Id.*

The district court did not err in its conclusions that (1) the use of "The Colosseum" did not infringe on any of Milanian's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

rights; (2) Milanian has no right to use "The Colosseum," "Rome Las Vegas Colosseum," or any other mark or domain name including the Colosseum and Empire marks; and (3) Caesars World did not breach any duty, in contract or tort, to Milanian in connection with the development of the Colosseum. After reviewing the record, we conclude that the district court did not err in finding that: (1) Milanian's intent-to-use applications were not made with a bona fide intent to use, and were therefore void; and (2) Caesars World commenced use of "The Colosseum" and "Empire" before Milanian and therefore has priority over Milanian's claims. Milanian has never applied for a gaming license and lacked experience in the hotel and resort business. He evidenced no intent to use the marks in business; rather, his history and the actions he took in connection with these names and mark indicate that his intent was to sell or license the marks to others. Caesars World has used the Colosseum mark in its business since 1966, far predating any use by Milanian.

The record supports the district court's findings of fact and conclusions of law. We need not address the new arguments raised for the first time by Milanian in his reply brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."). Thus, the district court did not err in its declaratory judgment determination as to the Lanham Act claims.

Given the circumstances of the case, and because Caesars World was the prevailing party on the Lanham Act claims, the district court did not abuse its discretion in awarding attorneys fees to Caesars World under the Lanham Act. 15 U.S.C. § 1117(a); *see also Cairns v. Franklin*

*Mint Co.,* 292 F.3d 1139, 1156 (9th Cir. 2002).

## II

The district court did not err in concluding that Milanian was precluded from asserting a trade secret claim in this case because it bore a sufficient logical relationship to the operative facts and issues in prior litigation to constitute a compulsory counterclaim in the prior litigation. *See, e.g., Schulman v. California,* 237 F.3d 967, 979 (9th Cir.2001). Consequently, the district court had authority to enjoin Milanian from bringing this claim in any other court and did not abuse its discretion in doing so.

## III

■ The district court did not abuse its discretion in precluding Milanian from testifying at trial as a sanction for failing to appear at his properly scheduled and noticed deposition. Under Fed.R.Civ.P. 37(d), if a party fails to appear for a deposition, the district court may impose such sanctions as it deems appropriate. Fed. R.Civ.P. 37(d). We will not overturn Rule 37 sanctions unless we have "a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997). After a careful examination of the record, we conclude that the district court weighed the appropriate factors and did not abuse its discretion in applying the sanction.

Milanian suggests that the district court should have applied the factors identified in *Malone v. United States Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987). However, we have only required the *Malone* factors to be applied in cases involving dismissal or default judgment. *See, e.g., Computer Task Group, Inc. v. Brotby,* 364

F.3d 1112, 1115 (9th Cir.2004); *Payne,* 121 F.3d at 507; *Malone,* 833 F.2d at 130. The circumstances involved here were not tantamount to dismissal; therefore, the heightened analysis used in *Malone* is not required.

The judgment of the district court following the three-day bench trial is therefore affirmed.

## IV

The district court did not abuse its discretion in entering its contempt order. *See Irwin v. Mascott,* 370 F.3d 924, 931 (9th Cir.2004). The district court's judgment of contempt is therefore affirmed.

AFFIRMED.[1]

---

1. Caesars World's motion to dismiss this appeal based on the fugitive disentitlement doctrine is denied.

