Wesley WALTERS, Plaintiff-cross-claimant—Appellant,

v.

ICICLE SEAFOODS, INC., Defendant-cross-defendant—Appellee,

Arctic Star P/V, O/N 501203; Discovery Star Inc; Discovery Star F/V; Ocean Phoenix, O/N 296779, Defendants—Appellees,

Phoenix Processor Limited Partnership Inc, Defendant-counter-claimant—Appellee.

No. 05–35334.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2006.*

Decided May 10, 2006.

Reinhardt, Circuit Judge, filed dissenting opinion.

Philip W. Sanford, Esq., Holmes Weddle & Barcott, David Carl Bratz, LeGros, Buchanan & Paul, Seattle, WA, for Defendants-Appellees/Defendant-cross-defendant-Appellee/Defendant-counter-claimant-Appellee.

George H. Luhrs, Esq., Law Office of George H. Luhrs, Seattle, WA, for Plaintiff-cross-claimant-Appellant.

Before: REINHARDT, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Wesley Walters appeals the dismissal of his case under Federal Rule of Civil Procedure 37(b)(2)(C). The district court held that after Walters's repeated failure to appear for his deposition and his violation of the court's January 7, 2005, order (1) the defendants were prejudiced in their ability to respond to Walters's claims and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

prepare for the upcoming trial, (2) less severe sanctions were not appropriate given that the court had already stayed proceedings after Walters failed multiple times to appear for his deposition, (3) monetary sanctions were inappropriate because of Walters's repeated statements to the court regarding his dire financial straits, and (4) Walters's failure to comply with the court's order was willful and in bad faith.

Rule 37 permits the district court, in its discretion, to dismiss the case of a party who fails to comply with an order compelling discovery. "We reverse a district court's decision to impose discovery sanctions under Rule 37 only if we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004) (quotation marks omitted). "However, where the drastic sanctions of dismissal or default are imposed, the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Id.* (quotation marks and alterations omitted). The district court properly identified and considered the five factors for deciding whether to dismiss under Rule 37. *See id.* The district court also determined that Walters acted willfully and in bad faith. We hold that in these circumstances, the district court did not abuse its discretion in dismissing Walters's case.

Walters also appeals the district court's entry of default judgment as a matter of law against him in favor of Phoenix Processor Limited Partnership (PPLP) for reimbursement of maintenance and cure benefits. The court properly entered default judgment against Walters because the law of the case established that Walters was not entitled to such benefits while employed at PPLP. *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir.2005).

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

I dissent. I agree that Walters' conduct was both frustrating and inexcusable. Nevertheless, we require a warning prior to dismissal in most cases, *see, e.g., Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 352–53 (9th Cir.1995); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412–13 (9th Cir.1990); *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir.1987); *Mir v. Fosburg*, 706 F.2d 916, 919 (9th Cir.1983), and especially when the plaintiff is an injured seaman, a litigant whom we are required to treat with special solicitude. *See, e.g., Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1099 (9th Cir.2005) (discussing "the solicitude owed by courts to seamen" because of their special status as "wards of admiralty"); *Fuller v. Golden Age Fisheries*, 14 F.3d 1405, 1408 (9th Cir.1994) (citing "a long line of cases that describe seamen as 'wards of the court' needing special protections"). In my opinion, the failure to warn the Jones Act plaintiff of the consequences of his conduct before dismissing his action requires reversal of the district court's judgment.