RYMER, Circuit Judge,
dissenting as to McGRIGGS and concurring as to SASSEEN, with whom LEAVY, Circuit Judge, joins, concurring as to SASSEEN:
I would also affirm in McGriggs, for the same reasons we affirm in Ackel and Ar-rington. I am constrained to concur in Sasseen as it is materially indistinguishable from McGriggs. However, I disagree that either case should be resolved as the majority resolves McGriggs. In a nutshell, failure to make discovery required by a court order is not excused by the fact that the same information may be available elsewhere. See, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir.2004). Honoring this rule is particularly important in the context of a mul-tidistrict litigation proceeding such as MDL 1407, where hundreds of cases asserted claims based on ingestion of more than one PPA-containing product, and indiscriminately listed numerous manufacturers as defendants. CMO 13 was crafted to, and did, provide a sensible process for sorting this out. Even though some individual complaints may already have done so, many did not. The case management orders necessarily applied to all cases in which more than one product and more than one manufacturer were named. Sasseen, for example, sought no relief from this obligation. Indeed, it could not have been simpler for her to comply because all that was required was that she identify the manufacturer and the product — something she says she knew, and in fact had already done.
While the sanction of dismissal probably would not have been imposed were either McGriggs or Sasseen an individual case on an ordinary docket, the need for an order such as CMO 13 would not have arisen, either. Deciphering which complaints properly matched up products and defendants would entail reading tens of thousands of pieces of paper. I believe that Judge Rothstein properly “uncomplicated” the process by the device of requiring plaintiffs in multi-defendant cases to file a single piece of paper with all the necessary information. Rather than complying, Sas-seen decided for herself to ignore the order. If all MDL plaintiffs were to do likewise, the very purpose of the MDL — to conduct transferred actions in a “just and efficient” way — would be subverted.
Therefore, I would affirm across the board.