**UNITED STATES of America,**
Plaintiff–Appellee,

**Joseph Gerald Therrien, Claimant–Appellant,**

v.

**AMERICAN BLACK BEARS, Two live, also known as Corky and Pumpkin; Wells Cargo Trailer, One 1997, Serial Number 1WC200L20V4031039, Defendants.**

No. 05–35998.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2007.*

Filed Aug. 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard E. Cohen, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Paul Gill, Esq., HP Gill, PLLC, Vancouver, BC, for Claimant–Appellant.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and POLLAK **, Senior Judge.

### MEMORANDUM ***

Joseph Therrien appeals the District Court's default judgment of forfeiture against two black bears and a trailer belonging to Therrien that appear to have been used in an attempt to smuggle marihuana into the United States. Therrien filed a claim of interest in the bears and the trailer, asserting that he owned the defendant property through his capacity as sole owner and director of Action Animals, a company that trains animals to act in film and video productions. Therrien asserted that an Action Animals employee had been driving the bears from Canada to the United States to be involved in a film production when the drugs were discovered. He further claimed that he had no knowledge of the driver's intent to bring drugs into the United States and was thus entitled to the return of the bears and trailer because he was an "innocent owner" of the property.

The government, seeking to rebut Therrien's innocent owner defense by demonstrating that he was either involved in, or had knowledge of, the drug conspiracy, sought discovery on the bears' allegedly legitimate trips to the United States. Therrien did not produce any discovery until the District Court, on February 11, 2005, entered a minute order compelling discovery by February 25, 2005. While Therrien provided limited answers and produced some documents by the February 25, 2005 deadline, his responses were incomplete. The government continued to seek discovery, with the court's assistance, but to no avail. On June 15, 2005, the government filed a motion to strike Therrien's claim and to enter a default judgment of forfeiture against him. The District Court held oral argument on August 1, 2005, and entered an order striking the complaint and entering a default against Therrien. Therrien filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will affirm.

### I.

Federal Rule of Civil Procedure 37 provides district courts with broad discretion to "impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus.*, 709 F.2d 585, 589 (9th Cir.1983). As we have previously noted, a district court should consider the following factors when

---

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evaluating whether to enter terminal discovery sanctions: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990) (quoting *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987)).

We review a district court's imposition of discovery sanctions for abuse of discretion and should "reverse a district court's decision to impose discovery sanctions under Rule 37 only if [the court has] 'a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004) (quoting *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997)). However, where terminal sanctions such as dismissal or default judgment are imposed, "the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Id.* (internal quotation marks omitted).

## II.

The District Court adequately considered each of the *Adriana* factors, and we conclude that it did not exceed or abuse its discretion in striking the claim and entering a default judgment. The District Court found that Therrien was in violation of the court's discovery orders and that the government was significantly prejudiced by Therrien's lack of compliance.

Moreover, in its February 11, 2005 minute order, the District Court expressly warned Therrien that he risked entry of a default judgment against him if he continued to shirk his discovery obligations.

## III.

Furthermore, it is clear that Therrien acted with willfulness, bad faith, or fault.[1] " 'Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.' " *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir.2003) (quoting *Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir.1994)). In *Jorgensen,* this court further elaborated on the "disobedient conduct" standard, explaining that the noncompliant party "did not demonstrate that production ... would be impossible, or that production of the documents would subject him to civil or criminal sanctions." *Jorgensen,* 320 F.3d at 912.

At no point throughout the litigation did Therrien demonstrate that compliance with the court's discovery order—or with the government's repeated requests for discovery—would have not been feasible or would have subjected him to civil or criminal sanctions.

## IV.

We affirm the order of the District Court striking Therrien's claim and entering default judgment against him.

**AFFIRMED.**

---

**1.** Therrien contends that the district court was required to make a finding as whether he acted willfully, in bad faith, or with fault in order to strike his claim and enter default judgment against him. However, we do not require trial courts to make such a finding. *See Virtual Vision, Inc. v. Praegitzer Indus.,*

*Inc.,* 124 F.3d 1140, 1143–44 (9th Cir.1997). Where, as in *Virtual Vision* and here, the record evidence clearly demonstrates that the "disobedient conduct" was not "outside the control of the litigant," a sanction of striking the claim, default judgment, or both, is warranted. *Id.*