Jeffrey Martin SIERZEGA,
Plaintiff—Appellant,

v.

Paul J. LIPSCOMB, Presiding Judge;
et al., Defendants—Appellees.

No. 07–35289.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 19, 2007.

Jeffrey Martin Sierzega, Salem, OR, pro
se.

Richard D. Wasserman, Esq., AGOR—
Office of the Oregon Attorney General,
Kirstin E. Lurtz, Esq., Marion County Le-
gal Counsel, Aaron D. Felton, Esq., City of
Salem Legal Department, Salem, OR, Jan-
et M. Schroer, Esq., Hoffman Hart &
Wagner, LLP, Portland, OR, for Defen-
dants–Appellees.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

58

Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

MEMORANDUM **

Jeffrey Martin Sierzega appeals the dismissal of his case under Federal Rule of Civil Procedure 37(b). We have reviewed the response to the court's September 14, 2007 order to show case, and we conclude that summary disposition is appropriate because the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Rule 37 of the Federal Rules of Civil Procedure permits the district court, in its discretion, to dismiss the case of a party who fails to comply with an order compelling discovery. We review a district court's imposition of discovery sanctions for abuse of discretion and "reverse a district court's court's decision to impose discovery sanctions under Rule 37 only if 'we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Computer Task Group, Inc., v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004) (quoting *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997)). However, where the sanction imposed is dismissal, "the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Id.* (internal quotation marks omitted).

In deciding whether dismissal for noncompliance with discovery is appropriate, the district court must weigh five factors: "(1) the public's interest in expeditious res-

olution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (citations and internal quotation marks omitted). The district court properly considered each of the five relevant factors. Furthermore, the district court determined that appellant Sierzega acted willfully in choosing not to comply with the court's order to appear for his deposition on September 1, 2006. We conclude that the district court did not abuse its discretion in dismissing appellant Sierzega's case.

Accordingly, we summarily affirm the district court's judgment.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

