## TACORI ENTERPRISES

v.

## BEVERLLY JEWELLERY COMPANY LIMITED.

### Tacori Enterprises

v.

### Pink Diamond.

Nos. CV 06–5170–GAF(RCx), CV 07–3939–GAF(RCx).

United States District Court, C.D. California.

Sept. 17, 2008.

Howard A. Kroll, Steven E. Lauridsen, Christie Parker & Hale, Pasadena, CA, for Plaintiff.

Allen B. Felahy, Oscar A. Ramirez Julia A. Mercado, Felahy & Associates, Long Beach, CA, for Defendants.

**PROCEEDINGS: (1) ORDER GRANTING PLAINTIFF'S MOTION FOR MONETARY AND PRECLUSION SANCTIONS AGAINST DEFENDANT BEVERLLY JEWELLERY COMPANY LIMITED; AND (2) ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT PINK DIAMOND**

ROSALYN N. CHAPMAN, United States Magistrate Judge.

On August 26, 2008, plaintiff filed notices of motions and motions for monetary and preclusion sanctions against both Beverlly Jewellery Company Limited ("Beverlly") and Pink Diamond, joint stipulations, and the supporting declarations of Steven E. Lauridsen and Howard A. Kroll, with exhibits, and defendants filed the opposing declarations of Oscar Ramirez, Allen Felahy, with exhibits, and Julia A. Mercado, with exhibits. On September 3, 2008, plaintiff filed its supplemental memorandum, and on September 5, 2008, Beverlly tardily filed a supplemental memorandum and the supplemental declara-

tion of Julia A. Mercado.[1] Oral argument was held on September 17, 2008.[2]

## BACKGROUND

On July 14, 2008, this Court granted plaintiff's motion to compel the continued Rule 30(b)(6) deposition of Beverlly (through Beverlly's person most knowledgeable ("PMK"), Theresa Lee) and plaintiff's motion for sanctions.[3] In so doing, this Court made the following pertinent findings of fact:

> On or about February 27, 2008, plaintiff "noticed the [Rule] 30(b)(6) deposition of defendant Beverlly ... for April 3, 2008." The deposition notice set forth 22 topics, and "[a]s part of the deposition notice, Tacori requested that Beverlly produce documents and tangible things at the deposition[,]" including samples of some jewelry. On April 3, 2008, Theresa Lee, a director of defendant's, appeared for the Rule 30(b)(6) deposition. "Since Ms. Theresa Lee, the [Rule] 30(b)(6) witness for Beverlly claim[ed] that she does not speak or understand English, an interpreter was provided at ... [the] deposition[ ]." "The questions to Ms. Lee were translated from English to Cantonese. Ms. Lee's responses were translated from Cantonese to English." [¶] ... The deposition began at 11:02 a.m. and concluded at 5:01 p.m. However, the actual examination time amounted to approximately 3.5 hours due to numerous breaks taken at the request of defendant's counsel [Oscar Ramirez]. Further, throughout the deposition, defendant's counsel objected to almost each and every question asked of Ms. Lee, making objections such as "calls for a narrative"; "misstates the client's [sic] testimony"; "argumentative, asked and answered"; "vague"; "ambiguous"; "compound"; and the like. In addition, many of defendant's

counsel's objections were "speaking objections," giving direction to Ms. Lee.... [¶] At approximately 5:00, defendant's counsel ended the deposition.... [¶] The plaintiff acquiesced in the termination of the deposition since "Beverlly agreed to continue its deposition on May 30, 2008." [¶] On May 30, 2008, the Rule 30(b)(6) deposition resumed at 10:13 a.m. and concluded at 11:48 a.m., with approximately 1.5 hours of actual examination time. Once again, a Cantonese interpreter assisted Ms. Lee. During the resumed deposition, defendant's counsel [Mr. Ramirez] again made numerous speaking objections.... [¶] At 11:48 a.m., defendant's counsel terminated the deposition, stating:

> MR. RAMIREZ: ... I've explained to Mr. Kroll that my client has a pressing business requirement that obligates her to be in Las Vegas this evening. She's driving to Las Vegas this evening and has indicated that she's willing to stay here as long as it takes within a reasonable time to complete her deposition. [¶] However, my client needs to leave as soon as possible. And if leaving sooner rather than later would mean that she go without a break, then she's willing to do so because of the critical importance of her business in Las Vegas this weekend which Mr. Kroll is aware of. [¶] And so my client is offering to go straight through to have the deposition finished. [¶] She's already had her deposition taken for an entire full day already, Volume I. This is the second volume of the deposition. [¶] I will note for the record that numerous questions have been asked and answered multiple times, and it's an unnecessary delay and frankly abuse of my client[ ] and if we continue having these kind of questions, then I

1. Although these documents are untimely, *see* Local Rule 37–2.3, the Court, out of an abundance of caution, has nevertheless considered them in addressing plaintiff's motion.

2. Counsel for defendants failed to appear at the hearing before the Court.

3. The Court granted plaintiff's motion for sanctions under Rules 30(d)(3)(C) and 37(a)(5)(A), and awarded plaintiff reasonable attorney's fees

in the amount of $4,825.00, rather than the amount plaintiff requested—$9,650.00—after determining the requested amount was not reasonable, and ordered Beverlly to pay plaintiff those attorney's fees no later than twenty (20) days from the date of the Order. July 14, 2008 Order at 10–11. Although plaintiff complains Beverlly did not pay the sanctions on time, the July 14, 2008 award of attorney's fees is not part of the pending motions to compel.

understand why Mr. Kroll would want to take to 5:00 to finish the deposition. [¶] Frankly, this is a deposition that can be and should be wrapped up within two hours. But I'm not taking the deposition. . . .

\* \* \*

. . . It's my understanding that under the Federal Rules of Civil Procedure . . . Mr. Kroll is only entitled to depose my client for eight hours. [¶] The last time Ms. Lee was here for six hours and we've already been here for approximately two hours. So that's eight hours. [¶] I'm willing to make Ms. Lee available to you for half an hour more and then we're leaving. . . .

July 14, 2008 Order at 2–6 (citations omitted). This Court, in granting plaintiff's motion, also discussed the requirements of Rules 30(b) and (c) regarding counsel's conduct during a deposition, and further determined that:

[D]efendant's counsel, by making speaking objections during the Rule 30(b)(6) deposition, both interfered with plaintiff's examination of Ms. Lee, and unduly prolonged the deposition examination. Moreover, defendant's counsel also improperly terminated the resumed deposition on May 30, 2008, before the expiration of seven hours of actual examination and before plaintiff had completed its examination.

*Id.* at 9. In light of the above findings, as well as Ms. Lee's need for an interpreter, this Court ordered that Beverlly's Rule 30(b)(6) deposition "shall resume for four (4) hours, no later than August 8, 2008." *Id.* at 11. Since Beverlly had improperly terminated the May 30, 2008 deposition, this Court also ordered Beverlly to "reimburse plaintiff the costs of the court reporter and Cantonese interpreter used at the resumed deposition, no later than twenty (20) days after completion of the deposition." *Id.*

After this Court issued its Order, plaintiff "renoticed Beverlly's Rule 30(b)(6) deposition for August 5, 2008" and "procured a court reporter and a Cantonese interpreter for the deposition." Declaration of Howard A. Kroll ("Kroll Decl.") ¶¶ 5–6. However,

[t]he morning the deposition was scheduled to take place, . . . Allen Felahy, counsel for Defendants, arrived at the deposition location with his own court reporter and interpreter. . . . Mr. Felahy made no prior indiction that he intended to hire or bring to the deposition a court reporter or an interpreter. . . . Mr. Felahy informed [plaintiff's counsel] that he would not permit the deposition to go forward if [plaintiff] used its court reporter and interpreter. . . . Mr. Felahy claimed that the Court Order required Defendants to pay for and provide the court reporter and interpreter.

*Id.* at ¶¶ 7–9; Declaration of Allen Felahy ("Felahy Decl.") ¶¶ 19–20. "When Mr. Felahy continued to refuse to go forward with the deposition, [plaintiff's counsel] informed Mr. Felahy that [plaintiff] would seek *ex parte* relief and told Mr. Felahy that he could leave." Kroll Decl. ¶ 16; Felahy Decl. ¶ 23.

Both plaintiff and Beverlly filed ex parte applications regarding what occurred on August 5, 2008. Plaintiff's ex parte application sought reimbursement of the court reporter's fees, the interpreter's fees and the attorney's fees attendant to the aborted deposition, payment of the attorney's fees this Court awarded to plaintiff on July 14, 2008, and an order precluding Beverlly and Pink Diamond "from introducing matters into evidence that are related to Beverlly's design, dates of design, sales, and dates of sales of any ring sold by Beverlly that contained crescents in the side of the shank of the ring . . . ," or alternatively, rescheduling Beverlly's Rule 30(b)(6) deposition. This Court, on August 7, 2008, denied plaintiff's ex parte application without prejudice to plaintiff renewing its request in a noticed motion. Since the discovery cut-off date was August 12, 2008, this Court authorized plaintiff to file a noticed motion after the discovery cut-off date, provided the hearing on the motion was scheduled no later than September 17, 2008.

Beverlly's ex parte application sought to compel the use of Kusar Court Reporting Services, and not the court reporter selected by plaintiff—Veritext—for the Rule 30(b)(6) deposition and sanctions. This Court, on August 7, 2008, denied Beverlly's ex parte appli-

cation, noting that "[t]he clear inference from [the Court's Order of July 14, 2008,] is that plaintiff selects the court reporter and the Cantonese interpreter—not defendant." [4] August 7, 2008 Order. Further, this Court stated: "**Defendant is advised that the Order of July 14, 2008, requiring the Rule 30(b)(6) deposition take place no later than August 8, 2008 remains in effect.**" *Id.* (emphasis in original).

After the Court issued its Orders of August 7, 2008, plaintiff "procured an interpreter and a court reporter in order to take the Rule 30(b)(6) deposition of Beverly on August 8[, 2008] at 1:30 p.m[,]" and plaintiff's counsel "called Defendants' counsel to confirm that Beverly ... was available on August 8 for the renewed deposition." Kroll Decl. ¶¶ 20–21; Declaration of Steven E. Lauridsen ("Lauridsen Decl.") ¶¶ 2–3. Plaintiff's counsel also "sent an email to Defendants' counsel at approximately 4:00 p.m. asking them to confirm Beverly's attendance at the deposition on August 8." Kroll Decl. ¶ 24; Lauridsen Decl. ¶ 7; Felahy Decl. ¶ 26. However, despite this Court's clear direction to the parties, the continued Rule 30(b)(6) deposition of Ms. Lee did **not** take place on August 8, 2008. Kroll Decl. ¶ 25–26; Felahy Decl. ¶ 27. This occurred because Beverlly's counsel, Mr. Felahy, the night before the deposition, advised plaintiff's counsel that "Ms. Lee is no longer able to attend the deposition [on August 8, 2008] at 1:30 p.m." Felahy Decl. ¶ 27 (internal quotation mark omitted); Kroll Decl. ¶ 25, Exh. D. Accordingly, plaintiff cancelled the court reporter and interpreter scheduled for August 8, 2008. Kroll Decl. ¶ 26.

## DISCUSSION

Rule 37(b)(2)(A) provides for the following sanctions when a party fails to comply with a discovery order:

If a party ... or a witness designated under Rule 30(b)(6) ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: [¶] (i) directing that the matters embraced in the order or other designated facts be taken as established ...; [¶] (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; [¶] (iii) striking pleadings in whole or in part; [¶] (iv) staying further proceedings until the order is obeyed; [¶] (v) dismissing the action or proceeding in whole or in part; [¶] (vi) rendering a default judgment against the disobedient party; or [¶] (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

■ "Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." *Navellier v. Sletten,* 262 F.3d 923, 947 (9th Cir.2001), *cert. denied sub nom., McLachlan v. Simon,* 536 U.S. 941, 122 S.Ct. 2623, 153 L.Ed.2d 806 (2002); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de*

4. In this regard, the Court notes Beverlly has presented absolutely no objective evidence to support its claim that the Veritext reporting service plaintiff uses is untrustworthy. For instance, Beverlly has not shown that Veritext in any manner improperly transcribed any portion of Ms. Lee's prior depositions, *see* Felahy Decl. ¶ 15 (noting "Veritext recorded volumes 1 and 2 of Ms. Lee's deposition"), or that there was any problem with the Cantonese interpreter plaintiff provided. Moreover, Beverlly's objection to Ver-

itext's services had apparently dissipated a week later when Veritext transcribed Pink Diamond's continued Rule 30(b)(6) deposition on August 12, 2008. Kroll Decl. ¶ 12. Thus, in refusing to allow Ms. Lee's deposition to proceed on August 5, 2008, with the court reporter and Cantonese translator plaintiff provided, Beverlly's counsel engaged in inappropriate gamesmanship with the clear intent to improperly disrupt or prevent the deposition.

*Guinee,* 456 U.S. 694, 707, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982). Such sanctions "are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Housing of Marin v. Combs,* 285 F.3d 899, 905 (9th Cir.), *cert. denied,* 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations omitted); *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *In re Phenylpropanolamine (PPA) Products Liability Litig.,* 460 F.3d 1217, 1233 (9th Cir.2006) (citations omitted); *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir.2003).

The plaintiff, in its notices of motions, seeks the following sanctions against Beverlly and Pink Diamond based on Beverlly's disobedience of this Court's Order of July 14, 2008:

(1) Reimbursement of court reporter and Cantonese interpreter fees totaling $1,173.75 [5] for the aborted deposition on August 5, 2008;

(2) reimbursement of the Cantonese interpreter fee in the amount of $450.00 for the cancelled deposition on August 8, 2008;

(3) attorney's fees in the amount of $12,672.50 "in preparing for and attending the aborted August 5, 2008 deposition, for preparing [plaintiff's] ex parte application and for preparing this motion"; and

(4) an order precluding defendants:

from introducing matters into evidence related to Beverlly's design, dates of design, sales, and dates of sales of any ring containing crescents in the side of the shank, that was purportedly designed or sold by Beverlly before 2000; or, in the alternative, [¶] [an order] compel[ling] the [Rule] 30(b)(6) deposition of Beverlly and (a) ... reimburs[ing] Tacori for the costs of the

court reporter and the Cantonese interpreter for that deposition, (b) [allowing] the deposition [to] resume for four hours of actual deposition time, and (c) [appointing] a discovery referee ... to attend the resumed deposition and ... [requiring] Defendants and their counsel [to] pay for the costs ... of that discovery referee.

Motions at 2:11–3.5.

■■■ The Court may, in deciding whether to grant a motion for sanctions, "properly consider all of a party's discovery misconduct ..., including conduct which has been the subject of earlier sanctions." *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir.1997); *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990), *cert. denied sub nom., Lewis & Co. v. Thoeren,* 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991). Further, in deciding whether to grant a motion for sanctions under Rule 37(b)(2)(A) for noncompliance with discovery, the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir.2002); *Computer Task Group, Inc.,* 364 F.3d at 1115. "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Payne,* 121 F.3d at 507; *Computer Task Group, Inc.,* 364 F.3d at 1115.

Here, Beverlly has willfully failed to comply with the Court's Order of July 14, 2008, by not timely reimbursing plaintiff for court reporter and interpreter fees totaling $1,173.75 and by failing to produce Ms. Lee for the Rule 30(b)(6) deposition no later than August 8, 2008,[6] and the latter failure clearly

---

**5.** Although plaintiff seeks $1,163.75, Mr. Kroll's declaration and the attached documentation show plaintiff incurred court reporter and translator fees in the amount of $1,173.75 with regard to the aborted deposition on August 5, 2008. *See* Kroll Decl. ¶ 35, Exh. K.

**6.** Beverlly, in the Joint Stipulation, spends considerable time addressing its efforts **after** August 8, 2008, to reach an agreement with plaintiff to reschedule the Rule 30(b)(6) deposition of Ms. Lee. *See* Jt. Stip. at 28:1–37:9. However, such discussion completely misses the mark. Rather, this Court specifically ordered that the Rule 30(b)(6) deposition of Ms. Lee take place no later

prejudices plaintiff by preventing it from preparing its case. *See, e.g., Adriana Int'l Corp.*, 913 F.2d at 1412 ("A [party] suffers prejudice if the [opposing party's] actions impair the [party's] ability to go to trial or threaten to interfere with the rightful decision of the case."); *G–K Props. v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir.1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism."). This is especially true here, considering the discovery cut-off date has passed and the pretrial conference is set for September 22, 2008—next week. *See Payne*, 121 F.3d at 508 ("Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. [Defendants] were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy.").

■ Moreover, this Court has tried less drastic monetary sanctions against Beverlly, including awarding attorney's fees to plaintiff and ordering Beverlly to reimburse plaintiff for deposition costs, *see Henry*, 983 F.2d at 948 (affirming dismissal after district court tried monetary sanctions, which failed to curb plaintiff's discovery abuses); *Adriana Int'l Corp.*, 913 F.2d at 1413 (court satisfied consideration of alternatives requirement when it first imposed monetary sanctions and subsequently dismissed the case when the monetary sanctions proved ineffective to prevent plaintiff's "wilful disruption of the discovery process"); however, Beverlly has willfully failed to pay plaintiff some of the monetary sanctions awarded against it, i.e., the costs of the court reporter and interpreter. Thus, the efficacy of less drastic sanc-

tions is in doubt. *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir. 1990) (cited with approval in *Payne*, 121 F.3d at 508). Additionally, in its July 14, 2008 Order, the Court specifically warned Beverlly that its "[f]ailure to comply with this Order may lead to further sanctions [,]" and on August 7, 2008, this Court again warned Beverlly that "the Order of July 14, 2008, . . . remains in effect." *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); *Rio Prop., Inc.*, 284 F.3d at 1022 (district court specifically considered lesser sanctions when it "expressly warned [defendant] that failure to comply with its discovery order would lead to [severe sanctions]"). Considering that four of the foregoing factors have been met, and three of the factors strongly support the imposition of sanctions, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.2002), *cert. denied*, 538 U.S. 909, 123 S.Ct. 1481, 155 L.Ed.2d 230 (2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir.), *cert. denied*, 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992), and in light of Beverlly's abuse of the discovery process so far, the Court finds evidentiary sanctions under Rule 37(b)(2)(A) are appropriate.

The Court, having reviewed the parties' declarations, and being familiar with the case, finds Beverlly willfully failed to produce Ms. Lee for the Rule 30(b)(6) deposition on August 5, 2008, when Beverlly's counsel demanded the deposition take place only with its chosen court reporting service, and again on August 8, 2008, when Beverlly's counsel did not produce Ms. Lee for examination. The Court is stunned by Beverlly's counsel's lack of comprehension of their obligations to comply with an Order of the Court. *See,* e.g., Felahy Decl. ¶ 2 ("I along with my client agreed to comply with this Court's order."). Parties in litigation must comply with court

August 8, 2008, and events after that date are not relevant to whether Beverlly complied with the Court's Order. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir.1993) (Ninth Circuit has "squarely rejected" proposition that failure to timely attend deposition is purged by subsequent

submission to a deposition); *North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir.1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions.").

orders, and even if they appeal those orders, compliance is required within the time limits the order sets forth unless a stay is granted or time extended, *see* Local Rule 72–2.2 ("Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge."); *In re Heritage Bond Litig.*, 223 F.R.D. 527, 532 (C.D.Cal.2004) ("[S]ince Judge Tevrizian did not stay this Court's Order until after production was required, Kasirer defendants cannot rely on the stay to justify their failure to timely comply with this Court's Order."), neither of which occurred here. Yet, Beverlly's counsel did nothing to ensure full compliance with this Court's Order.[7] To the contrary, as the Court previously found. Beverlly's counsel intentionally and willfully interfered with the Rule 30(b)(6) deposition of Ms. Lee when it took place on April 3 and May 30, 2008, and now has failed to properly produce Ms. Lee for the continued Rule 30(b)(6) deposition despite this Court Order requiring her to appear on or before August 8, 2008.

The Rule 30(b)(6) deposition notice plaintiff served on Beverlly set forth 22 topics to be covered, and "four of the twenty-two subject matters upon which Beverlly would be deposed included the design, dates of design, sales, and dates of sales of any ring sold by Beverlly (including those sold before 2000) that contained crescents in the side of the shank of the ring." Kroll Decl. ¶ 31, Exh. I. Because of Beverlly's willful misconduct, plaintiff was not able to fully examine Beverlly's PMK about these four topics prior to the discovery deadline in this case.[8] *See* Jt. Stip. at 40:7–41:2. Thus, an appropriate sanction, reasonably related to the subject of the discovery that was frustrated by sanctionable conduct, would be to preclude Beverlly from presenting evidence regarding these four topics.[9] *See*, e.g., *Adriana Int'l Corp.*, 913 F.2d at 1412–13 (Plaintiff "should not have been surprised that [its] repeated failure to appear for a deposition [in violation of a court order] would result [in severe sanctions against it]."); *Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1131–32 (7th Cir.2002) (affirming district court's order precluding defendant from calling two witnesses when defendant corporation failed to make those individuals available for deposition); *Nike, Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 647–49 (Fed.Cir.1994) (applying Ninth

7. Beverlly paid the attorney's fees ordered as sanctions for its actions at Ms. Lee's prior deposition sessions, Kroll Decl. ¶ 40, Exh. P; Felahy Decl. ¶ 2; Declaration of Oscar Ramirez ("Ramirez Decl.") ¶ 2; however, as noted above, Beverlly has not reimbursed plaintiff for its costs in relation to the aborted August 5, 2008 deposition. *Ibid.* More importantly, despite this Court's order, Beverlly did not allow plaintiff to timely complete Beverlly's Rule 30(b)(6) deposition, which, as discussed above, has prevented plaintiff from being able to properly prepare for the upcoming trial. This is an especially grave matter since Ms. Lee, who is Beverlly's Rule 30(b)(6) representative, is likely to be a key trial witness.

8. Beverlly claims preclusive sanctions on these topics is inappropriate because plaintiff "has already deposed Defendant on these issues...." Jt. Stip. at 49:25–50:16. However, the documents Beverlly points to to support this claim—Exhibits E and F of the Declaration of Howard A. Kroll in Support of Motion for Partial Summary Judgment ("Kroll Summary Judgment Decl.")—do not support Beverlly's claim. To the contrary, Exhibit E merely shows plaintiff inquired of Ms. Lee regarding whether Beverlly had sold any rings containing half moons or crescents to *plaintiff Tacori*, and does not cover the topics of the design, dates of design, sales, and dates of sales of any ring sold by Beverlly containing crescents in the side of the shank of the ring. *See* Kroll Summary Judgment Decl. ¶ 11, Exh. E. Nor does Exhibit F support Beverlly's claim since it is merely Beverlly's responses to special interrogatories from plaintiff. Moreover, the interrogatory responses, which are dated June 11, 2007, were "rendered based on information in the possession of the responding party at the time of the preparation of the responses[,]" and, despite Beverlly's obligations under Rule 26(e)(1)(A), Beverlly stated it "will not voluntarily provide further responses to this discovery request if additional information is acquired subsequent to preparation of these responses." *Id.* at 13, Exh. F.

9. Despite Beverlly's claim that the preclusion order is "tantamount to dismissal" of this case, that is not so. *See* Jt. Stip. at 52:21–54:22. Rather, as Beverlly obliquely acknowledges, the sanctions plaintiff seeks merely go to "one of Defendant's major defenses in this case[,]"—not all of Beverlly's defenses. Jt. Stip. at 53:10–21; *see also* Jt. Stip. at 53:18–21 ("This is one of about only three major arguments which Defendants are making in order to prevail in this case."). Thus, plaintiff's preclusion request is not tantamount to dismissal.

Circuit law and affirming court order precluding plaintiff from presenting evidence regarding one theory of liability when, despite a court order, plaintiff did not provide discovery on the issue); *Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett,* 24 F.3d 136, 139–40 (10th Cir.1994) (affirming discovery sanction precluding defendant from presenting any evidence when defendant violated court order to make himself available for deposition).

In addition to failing to produce Ms. Lee for the continued Rule 30(b)(6) deposition, Beverlly also failed to comply with this Court's Order of July 14, 2008, by not timely reimbursing plaintiff $1,173.75 for its court reporter ($320.00) and Cantonese interpreter ($853.75) fees for the aborted August 5, 2008 deposition. Kroll Decl. ¶¶ 35, 40, Exhs. K, P; Felahy Decl. ¶ 2; Ramirez Decl. ¶ 2.

█ Finally, plaintiff seeks reimbursement of $450.00 for costs incurred in hiring and cancelling a Cantonese interpreter for the August 8, 2008 deposition, Kroll Decl. ¶ 36, Exh. L, as well as an award of attorney's fees in the amount of $12,672.50 for plaintiff's counsel's time spent attending the aborted August 5, 2008 deposition, and reviewing, revising and finalizing plaintiff's ex parte application and the documents supporting the pending motion, including the joint stipulation, and the declarations of Messrs. Kroll

and Lauridsen support these requests. Since the Court denied plaintiff's ex parte application without prejudice, the time spent by plaintiff's counsel on the ex parte application is not properly recoverable; however, plaintiff's counsel's time regarding the pending motion, on which plaintiff has prevailed, is recoverable. Fed.R.Civ.P. 37(b)(2)(C). Thus, the Court finds Mr. Kroll and Mr. Lauridsen each worked 7.5 hours, including Mr. Kroll's time attending the hearing on this motion, which at their hourly rates of $555.00 per hour [10] and $265.00 per hour, totals $6,150.00. Kroll Decl. ¶ 34; Lauridsen Decl. ¶ 8, and plaintiff is awarded this amount against Beverlly.[11]

## ORDER

1. Plaintiff's motion for monetary and preclusion sanctions against defendant Beverlly Jewellery Company Limited **IS GRANTED,** as follows:

a. Defendant Beverlly shall reimburse plaintiff in the amount of $1,173.75, within 48 hours;

b. Defendant Beverlly shall pay plaintiff $450.00 for the costs of the cancelled deposition on August 8, 2008, within 48 hours;

c. Defendant Beverlly, and Beverlly's counsel, jointly and separately, shall pay plaintiff attorney's fees in the amount of

---

10. Beverlly argues Mr. Kroll has materially misrepresented his billing rate, *see* Jt. Stip. at 55:14–56:9, and cites the deposition of plaintiff's owner, Haig Tacorian, in another case, *Tacori v. Rego Mfg.*, case no. CV 05–2241 (N.D.Ohio) ("Rego Mfg."), to support that claim. In that deposition, Mr. Tacorian was asked what rate he was paying for Mr. Kroll's time, and he stated, "I believe its $375 an hour." *See* Supplemental Declaration of Howard A. Kroll ("Kroll Supp. Decl.") ¶ 5, Exh. A. However, Mr. Tacorian subsequently filed a declaration in *Rego Mfg.* in which he stated that, after checking his records, his deposition statement was incorrect. *Id.* As the Ohio District Court found in rejecting the claim Beverlly makes here:

This affidavit, along with Mr. Kroll's, would seem to put an end to Rego's accusations of fraud. Even without Mr. Tacorian's clarifying declaration, however, his *qualified* deposition testimony does not prove—as Rego argues—that Mr. Kroll misrepresented anything. At best, the testimony establishes that, at the time it was given, Mr. Tacorian "believed" the 2006

rate was $375.00 per hour. At best, this testimony presents a possible inconsistency to which Rego could have pointed in its objections; it hardly justifies an unqualified accusation of fraud on the Court in a public filing. [¶] Ultimately, the Court finds this objection to be baseless.

Kroll Supp. Decl. ¶ 6, Exh. B at 3–4. This Court agrees. Beverlly has not shown Mr. Kroll has misled the Court regarding his hourly billing rate.

11. On September 8, 2008, plaintiff filed a Notice of Settlement indicating it and Pink Diamond "have executed a settlement agreement and are executing a Consent Judgment and Permanent Injunction" to be filed "on or before September 15, 2008"; thus, plaintiff's motion for preclusive sanctions against Pink Diamond is denied as moot. Moreover, since Ms. Lee was defendant Beverlly's Rule 30(b)(6) witness, defendant Beverlly and its counsel, and not Pink Diamond, should bear the costs of any monetary sanctions imposed herein.

$6,150.00, within five (5) days of the date of this Order; and

d.  Defendant Beverlly shall be precluded from presenting evidence regarding the design, dates of design, sales, and dates of sales of any ring designed or sold by Beverlly before 2000 that contained crescents in the side of the shank of the ring.

2.  Plaintiff's motion for preclusion sanctions against Pink Diamond **IS DENIED AS MOOT,** and plaintiff's request for monetary sanctions against Pink Diamond is denied.