**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHENAFI G. ABERHA, | No. 22-16658 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00060-MMD-CSD |
| v. | |
| D. JONES, Nurse; COX, Sergeant; WILLIAM GETTERE, Warden, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted July 30, 2025**

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Ashenafi G. Aberha appeals pro se from the district court's dismissal with prejudice of his action involving an Eighth Amendment claim alleging constitutional violations related to medical care from defendants D. Jones, Cox, and William Gettere. Because the parties are familiar with the facts, we do not recount them here,

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

except to provide necessary context to our decision. We affirm.

The district court may dismiss an action for failure to comply with any order of the court. *See* Fed. R. Civ. P. 41(b). A trial court's dismissal under Rule 41(b) will not be disturbed unless we have a "definite and firm conviction that the court below committed a clear error of judgement in the conclusion it reached upon a weighing of the relevant factors." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). When a district court adopts a magistrate judge's recommended sanction to terminate a case based upon a lack of credibility, this court will only reverse the finding if it was "clearly erroneous." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004).

Here, the district court properly dismissed Aberha's action with prejudice as a sanction for failing to comply with a court order. The district court did not commit "a clear error of judgment" in dismissing the action, *Ferdik*, 963 F.2d at 1260, because the magistrate judge's recommendation that the sanction of dismissal be imposed, which the district court adopted, was not "clearly erroneous." *Computer Task Group, Inc.*, 364 F.3d at 1116.

**AFFIRMED.**